**Mohammed JAVED, Plaintiff–Appellant,**

v.

**BRITISH AIRWAYS PLC, Air General Incorporated, Defendants–Appellees.**

**No. 91–8926.**

United States Court of Appeals, Eleventh Circuit.

Jan. 11, 1993.

John Steven Parker, Decatur, Ga., for plaintiff-appellant.

Rex David Smith, Chambers Mabry McClelland & Brooks, Thomas J. Strueber, David E. Baum, Lord Bissell & Brook, Atlanta, Ga., Stephen J. Fearon, Condon & Forsyth, New York City, NY, for defendants-appellees.

Before ANDERSON, Circuit Judge, MORGAN and JOHNSON *, Senior Circuit Judges.

PER CURIAM:

Appellant imported certain jewels into the United States, which were flown by appellee British Airways to Atlanta. Upon arrival in Atlanta, custody of the jewels was transferred to British Airways' freight handling agent, appellee Air General, which operated a customs bonded warehouse at the Atlanta airport. The jewels were apparently stolen while in the custody of Air General; they were insured in the amount of $12,650. Appellant made a claim, and the insurance company paid the full $12,650. In accepting the payment from the insurance company, appellant signed a "Subrogation Receipt," which acknowledged receipt of $12,650, and which recited that the insurance company thereby "became subrogated to all our rights and remedies in and in respect of the subject matter insured in accordance with the laws governing the Contract of Insurance." The "Subrogation Receipt" referenced a particular policy of insurance. That insurance policy provided: "This insurance is subject to English law and practice."

The district court held that Georgia law applied, rather than English law. Applying Georgia law, the district court concluded that appellant had assigned all of his rights, and not merely his right to recover the first $12,650 of the value of the jewels. Accordingly, the district court concluded that appellant, having assigned away all of his rights, was not the real party in interest, pursuant to Fed.R.Civ.P. 17(a). On appeal, appellant contends that the extent of the insurance company's subrogation rights should be determined by English law, and not by Georgia law.

The district court properly looked to the law of the forum, Georgia, to determine the appropriate conflicts of law rule. However, we conclude that the district court erred when it failed to honor the choice of law provision in the insurance policy and "Subrogation Receipt." The "Subrogation Receipt" expressly provides that the rights to which the insurance company is subrogated will be determined "in accordance with the law governing the Contract of Insurance." The insurance policy in turn expressly chooses English law. Appellees argue that the doctrine of incorporation by reference should not apply to choice of law provisions, and thus that the choice of law provision in the "Subrogation Receipt" should fail because the designation of English law depends upon the doctrine of incorporation by reference. We reject appellees' argument. Georgia recognizes the doctrine of incorporation by reference. *ADC Construction Co. v. McDaniel Grading, Inc.*, 177 Ga.App. 223, 338 S.E.2d 733 (1985). Moreover, the official comment to § 187(1) of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS recognizes that a choice of law provision may be incorporated by reference:

The parties, generally speaking, have power to determine the terms of their contractual engagements. They may spell out these terms in the contract. In the alternative, they may incorporate into the contract by reference extrinsic material which may, among other things, be the provisions of some foreign law.

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

In such instances, the forum will apply the applicable provisions of the law of the designated state in order to effectuate the intentions of the parties. So much has never been doubted.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(1) cmt. c (1988).

Even assuming, as appellees urge, that choice of law provisions should be both express and unambiguous, we conclude in this case that the choice of English law is express and unambiguous. The "Subrogation Receipt" expressly includes a choice of law provision, depending upon the incorporated document only to designate which law has been chosen. The incorporated document, the insurance policy, is specifically and unambiguously described, and it unambiguously chooses English law.

Accordingly, we hold that the "Subrogation Receipt" has a choice of law provision to determine the scope of the rights to which the insurance company is subrogated, and we further hold that, through incorporation by reference, the choice is English law. Appellees have asserted alternative grounds upon which they urge that the judgment of the district court could be affirmed; we decline to address such alternative grounds, preferring that they be addressed in the first instance in the district court.

The judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.